UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IBN ABDUCHAKEEM, | : | |
| Petitioner, | : | Civ. No. 16-0330 (RBK) |
| v. | : | |
| WARDEN MARK A. KIRBY, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODCUTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as petitioner failed to pay the filing fee nor did he submit a complete application to proceed *in forma pauperis*. Petitioner has now submitted a complete application to proceed *in forma pauperis* such that the Clerk will be ordered to reopen this case. Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the following reasons, the habeas petition will be summarily dismissed.

### II. BACKGROUND

Petitioner is currently serving a 181-month sentence after he pled guilty in the United States District Court for the Eastern District of Pennsylvania to conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, carrying and using a firearm during a crime of violence and carjacking. (*See* E.D. Pa. Cr. No. 07-469-2 Dkt. No. 84) In May, 2010, Petitioner received a ninety-seven month sentence on the conspiracy,

interference and carjacking convictions. Petitioner also received an eighty-four month sentence on the firearm conviction that was ordered by the District Judge to run consecutive to his ninety-seven-month sentence for the other charges. (*See id.*) Petitioner did not file an appeal nor did he file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In January, 2016, this Court received petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner seeks to have this Court order that his eighty-four month sentence for the firearms conviction become concurrent as opposed to consecutive to his ninety-seven month sentence for the other convictions. He asserts that his history of chronic mental health problems was not properly taken into consideration by the District Judge in 2010 and that had the judge been fully aware of his mental health issues, he would have ordered a downward departure in the form of having his sentences run concurrently. Furthermore, petitioner makes an ineffective assistance of counsel claim by stating that his "attorney did not challenge the government's false premise that the petitioner was a 'malingerer' when the record clearly showed that the petitioner was severely schizophrenic." (Dkt. No. 1 at p. 13)

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. See *Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we

construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Petitioner seeks to have this Court review the sentence entered by the Eastern District of Pennsylvania in this § 2241 habeas petition. Indeed, as previously noted, petitioner seeks to have this Court order his federal sentences to run concurrently with each other despite the fact that the Eastern District of Pennsylvania ordered that they were to run consecutively.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication

3

of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claim is that the Eastern District of Pennsylvania should have ordered his sentences run concurrently and that counsel was

ineffective by failing to challenge the government's premise that he was a "malingerer." Such claims do not fall within the *Dorsainvil* exception. *See Turnquest v. Allenwood*, No. 15-2195, 2016 WL 456599, at *2 n.4 (3d Cir. Feb. 5, 2016) (petitioner who challenged the legality of his sentence by arguing the sentencing court could not impose a consecutive sentence could not raise the claim in a § 2241 petition because the District Court would lack jurisdiction to decide it); *see also Hazel v. Smith,* 142 F. App'x 131, 132 (3d Cir. 2005) (per curiam) ("[C]laims of ineffective assistance of counsel ... place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it.") (citing *Cradle,* 290 F.3d at 538–39; *Dorsainvil,* 119 F.3d at 251); *Sedlak v. United States,* No. 12–0285, 2012 WL 832984, at *3 (M.D.Pa. Feb. 14, 2012) ("[C]ases construing *Dorsainvil,* and interpreting the interplay between the relief provided to federal prisoners under § 2255, and the remedy conferred by the writ of habeas corpus under § 2241, agree that 'Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'") (quoting *Piggee v. Bledsoe,* 412 F. App'x 443, 446 (3d Cir. 2011) (per curiam)) (other citations omitted), *report and recommendation adopted by,* 2012 WL 833028 (M.D.Pa. Mar. 12, 2012).

Petitioner argues that § 2255 is inadequate or ineffective because he falls outside the one-year statute of limitations. However, this argument is insufficient to find that his claims fall within the *Dorsainvil* exception. *See Cradle,* 290 F.3d at 539 (stating that "[s]ection 2255 not inadequate or ineffective merely because . . . statute of limitations has expired") (citations omitted). Therefore, this Court lacks jurisdiction to consider the instant habeas petition as the

petition does not fall within the *Dorsainvil* exception to permit this § 2241 habeas action to move forward in this Court.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Eastern District of Pennsylvania. As previously noted, petitioner has never filed a § 2255 motion in the Eastern District of Pennsylvania where he was sentenced. However, petitioner admits that this petition falls outside of the one-year statute of limitations of § 2255 motions. Therefore, this Court will not transfer his habeas petition to the sentencing court at this time.[1]

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  February 22, 2016                                s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[1] This Opinion should not be read as finding that any § 2255 motion that petitioner may elect to file in the Eastern District of Pennsylvania in the future is or is not timely as that issue is not before this Court. Instead, this Court only finds that it lacks jurisdiction to consider the instant § 2241 in this Court and that it is not in the interests of justice to transfer this case to the Eastern District of Pennsylvania based on that lack of jurisdiction.